JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
James A. Broomhead, Jr. and Marla Broomhead, h/w
1015 Detwiler Avenue, Beverly, New Jersey 08010

**DEFENDANTS**
High Tower, LLC, et al (see attached sheet)
1618 Summit Drive, Fort Atkinson, WI 53538

**(b)** County of Residence of First Listed Plaintiff   Burlington
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Jefferson
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard A. Wolfe, Esquire / TabakinWolfe, LLP / 215-525-1616
1000 Germantown Pike, B-3, Plymouth Meeting, PA 19462

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332(a)(1); 28 U.S.C. 1391(a)(2)
Brief description of cause:
Motor Vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 300,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 3/27/19   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

JS 44 Reverse  (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

JAMES A. BROOMHEAD, JR. and          :
MARLA BROOMHEAD, h/w                 :
1015 Detwiler Avenue                 :
Beverly, NJ 08010                    :
         Plaintiffs,              :
                                 :
   v.                         :
                                 :          CIVIL ACTION NO.
HIGH TOWER, LLC                      :
1618 Summit Drive                    :
Fort Atkinson, WI 53538              :
    and                      :
TEDD R. MALLER                       :
3039 South Caroline Street           :
Orfordville, WI 53576                :
    and                      :
ABC CORP. 1-20                       :
    and                      :
JOHN DOE 1-20                        :
        Defendants.           :

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JAMES A.  BROOMHEAD, JR. and    :
MARLA BROOMHEAD, h/w    :
1015 Detwiler Avenue    :
Beverly, NJ 08010    :
        Plaintiffs,    :
  :
   v.    :
  :
HIGH TOWER, LLC    :     CIVIL ACTION NO.
1618 Summit Drive    :
Fort Atkinson, WI 53538    :
     and    :
TEDD R. MALLER    :
3039 South Caroline Street    :
Orfordville, WI 53576    :
     and    :
ABC CORP. 1-20    :
     and    :
JOHN DOE 1-20    :
        Defendants.    :

## CIVIL ACTION – COMPLAINT

## THE PARTIES

1.     Plaintiff, James A.  Broomhead, Jr., is a citizen and resident of the State of New Jersey; is an adult individual; and, resides 1015 Detwiler Avenue in Beverly, New Jersey.

2.     Plaintiff, Marla  Broomhead, is a citizen and resident of the State of New Jersey; is an adult individual; and, resides 1015 Detwiler Avenue in Beverly, New Jersey.   She is the spouse of Plaintiff, James A. Broomhead, Jr.

3.     Defendant, High Tower, LLC, is a corporation or other business entity authorized and existing under the laws of the State of Wisconsin, maintaining its principal place of business at 1618 Summit Drive,  Fort Atkinson, Wisconsin.

4.      Defendant, Tedd R. Maller, is a citizen and resident of the State of Wisconsin; is an adult individual; and resides at 3039 South Caroline Street in Orfordville, Wisconsin.

5.      Defendants, ABC CORP. 1-20 are corporations, affiliates, subsidiaries and/or partners of the Defendants and/or vendors and/or business entities and/or fictitious corporations designating the owner, operator maintainor, possessor, lessor, lessee, involved in the operation and service of the motor vehicle identified herein which struck Plaintiff's vehicle.

6.      Defendants, John Does 1-20 are individuals, fictitious names designating the owner, operator maintainor, possessor, lessor, lessee, agents, servants, workmen and/or employees alter egos and/or representatives involved in the safety, inspection, cleaning, supervision, maintenance, care, custody, control and/or operation of the motor vehicle identified herein which struck Plaintiff's vehicle

## JURISDICTION

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States".

## VENUE

8.      Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the District of New Jersey in that it is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.      Plaintiffs herein, and each of them, aver and incorporate by reference all of the allegations of Paragraphs 1 through 8, inclusive, as though the same were set forth herein at length.

10.     At all times material to this Civil Action, Defendants, High Tower, LLC and

Tedd R. Maller, owned, operated, controlled, possessed, maintained and/or leased a vehicle

bearing Wisconsin License Plate No. 641188 Vehicle Identification No.

1GRAA06298B702866.

11.     At all times relevant hereto, Defendant, Tedd R. Maller, was an agent, servant,

workman and/or employee of the Defendant, High Tower, LLC, acting in the course and scope

of his employment and in the furtherance of the interest of Defendant, High Tower, LLC.

12.     At all times relevant hereto, Defendant, High Tower, LLC, was acting by and

through its agents, servants, workmen and/or employees, acting in the course and scope of their

employment and in the furtherance of the interests of the Defendant, High Tower, LLC,

including but not limited to Defendant, Tedd R. Maller.

13.     On or about April 17, 2017 at approximately 10:56 A.M., Plaintiff, James A.

Broomhead, Jr., was the lawful owner and operator of a motor vehicle, to wit, a 2014 Kia

Optima, which vehicle was stopped  on R173 N/Forklanding Road behind the Defendants'

vehicle when Defendant Maller, operating Defendant, High Tower, LLC's vehicle drove his

vehicle in reverse and struck Plaintiff's stopped vehicle causing the Plaintiff, James A.

Broomhead, Jr., to sustain serious bodily injuries hereinafter more fully set forth.

14.     The aforesaid accident was caused by the negligence and carelessness of

Defendants, High Tower, LLC and Tedd R. Maller and/or ABC Corporations 1-20 and/or

JOHN DOES 1-20 jointly and/or severally, and was, in no manner whatsoever, due to any act

or failure to act on the part of the Plaintiff, James A.  Broomhead, Jr..

15.     The negligence and carelessness of Defendants, High Tower, LLC and Tedd R. Maller, and/or ABC Corporations 1-20 and/or JOHN DOES 1-20 jointly and/or severally, consisted of the following:

(a)     Operating a motor vehicle at a high and excessive rate of speed under the circumstances;

(b)     Failing to have a motor vehicle under proper and adequate control;

(c)     Failure to use the highest degree of skill in the operation of a motor vehicle;

(d)     Failing to keep a proper lookout for others vehicles lawfully upon the highway;

(e)     Failing to exercise due care and caution under the circumstances;

(f)     Violating the Ordinances of the Township of Cinnaminson and County of Burlington and the Statutes of the State of New Jersey governing the operation of motor vehicles upon the highway;

(g)     Violating the Assured Clear Distance Rule; and,

(h)     Negligence at law.

## COUNT I -
## JAMES A.  BROOMHEAD, JR. v. HIGH TOWER, LLC
## AND TEDD R. MALLER

16.     Plaintiff, James A. Broomhead, Jr., hereby incorporates by reference the allegations contained in Paragraphs 1 through 15, inclusive, of this Complaint as though the same were set forth herein more fully at length.

17.     As a result of the negligence and carelessness of Defendants, High Tower, LLC and Tedd R. Maller, jointly and/or severally, Plaintiff, James A. Broomhead, Jr., was caused to

sustain injuries to his bones, joints, muscles, tendons, blood vessels, and soft tissues throughout his entire body, including, but not limited to, injuries to his head, neck, back, chest, torso, ribs, contusions and abrasions, a severe shock to his nerves and nervous system; all of which said injuries have in the past and will in the future cause Plaintiff, James A. Broomhead, Jr., great pain and suffering, a serious impairment of his bodily functions, and all of which are or some are permanent in nature.

18.     As a further result of the negligence and carelessness of Defendants, High Tower, LLC and Tedd R. Maller, jointly and/or severally, Plaintiff, James A. Broomhead, Jr., has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future, all to his great detriment and loss.

19.     As a further result of the negligence and carelessness of Defendants, High Tower, LLC and Tedd R. Maller, jointly and/or severally, Plaintiff, James A. Broomhead, Jr., has suffered agonizing aches, severe physical pains, disability, mental anguish and humiliation and will continue to suffer same for an indefinite period of time in the future, all to his great detriment and loss.

20.     As a result of the negligence and carelessness of Defendants, High Tower, LLC and Tedd R. Maller, jointly and/or severally, Plaintiff, James A. Broomhead, Jr., has or may suffer a loss of earnings and impairment of earning capacity and power, and may continue to incur same in the future.

WHEREFORE, Plaintiff, James A. Broomhead, Jr., demands judgment in his favor and against Defendants, High Tower, LLC and Tedd R. Maller, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars together with interest, costs and attorney's fees.

## COUNT II -
## JAMES A.  BROOMHEAD, JR. v. ABC CORP. 1-20

21.     Plaintiff, James A.  Broomhead, Jr., hereby incorporates by reference the allegations contained in Paragraphs 1 through 20, inclusive, of this Complaint as though the same were set forth herein more fully at length.

22.     As a result of the negligence and carelessness of Defendants, ABC CORP. 1-20, jointly and/or severally as set forth hereinabove, Plaintiff, James A.  Broomhead, Jr. suffered the injuries and losses set forth hereinabove.

**WHEREFORE**, Plaintiff, James A.  Broomhead, Jr., demands judgment against Defendant, ABC Companies 1-20, jointly and/or severally, in his favor, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), together with compensatory damages, interest, costs of suit, and any other damages allowed by law.

## COUNT III -
## JAMES A.  BROOMHEAD, JR. v. JOHN DOES. 1-20

23.     Plaintiff, James A.  Broomhead, Jr., hereby incorporates by reference the allegations contained in Paragraphs 1 through 22, inclusive, of this Complaint as though the same were set forth herein more fully at length.

24.     As a result of the negligence and carelessness of Defendants, JOHN DOES 1-20, jointly and/or severally as set forth hereinabove, Plaintiff, James A.  Broomhead, Jr. suffered the injuries and losses set forth hereinabove.

**WHEREFORE**, Plaintiff, James A.  Broomhead, Jr., demands judgment against Defendant, John Does 1-20, jointly and/or severally, in his favor, in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), together with compensatory damages, interest, costs of suit, and any other damages allowed by law.

## COUNT IV – MARLA BROOMHEAD V. DEFENDANTS

25.      Plaintiff, Marla Broomhead, hereby incorporates by reference the allegations

contained in paragraphs 1 through 24, inclusive, of this Complaint as though the same

were set forth herein more fully at length.

26.      Solely as a result of the aforesaid negligence and carelessness of the Defendants,

Plaintiff, Marla Broomhead, as spouse of Plaintiff, James A. Broomhead, Jr., has been deprived

of the society, companionship, aid, assistance, earnings and earning power and consortium of

said spouse, all of which has, and may in the future continue to cause great emotional and

financial loss and damage.

WHEREFORE, Plaintiff, Marla Broomhead, demands judgment in his favor and against

Defendants, High Tower, LLC and Tedd R. Maller, ABC Companies 1-20 and John Does 1-

20, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00)

Dollars together with interest, costs and attorney's fees.

### JURY DEMAND

Plaintiffs, James A. Broomhead, Jr. and Marla Broomhead, demand a jury trial.


**TABAKIN WOLFE, LLP**


By:

RICHARD A. WOLFE, ESQUIRE
Attorney for Plaintiff,
James A. Broomhead, Jr. and Marla
Broomhead
rich@twlegal.net

Plymouth Greene Office Campus
1000 Germantown Pike, B-3
Plymouth Meeting, PA  19462
(215) 525-1616